TEXAS COMPANY INC., Plaintiff and Appellant, v. JULIO GÓMEZ, Defendant and Appellee.

No. 4557.   Argued January 31, 1929.—Decided April 10, 1929.

*Enrique Campillo* for the appellant.   *J. Iglesias de la Cruz* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The plaintiff appealed from an adverse judgment of the Municipal Court of San Juan and the defendant moved the district court to dismiss the appeal. After hearing the parties and the evidence the district court sustained the motion. The plaintiff then raised the present appeal.

The dismissal was based on the fact that the municipal court rendered its judgment on July 30, 1927, and notice of it was given to the adverse party on August 23, 1927, the notice of appeal being filed in the office of the clerk of the court on the 4th of the following October.

The defendant alleges that he was notified of the appeal on August 23. The appellant maintains that the notice was given on September 23. Accepting the contention of the

appellant, we understand that the ruling appealed from should be affirmed.

It is true that the defendant did not notify, as was his duty, the plaintiff of the judgment rendered against it (*Rodríguez* v. *District Court of Mayagüez*, 31 P.R.R. 285); but if the plaintiff expressly admitted having been notified on a certain date by there giving notice of its determination to the adverse party, the time within which to appeal began to run on that date. The statute applicable is as follows:

"Section 1.—When a municipal court has entered judgment in a civil case, disposing finally of the case, any party to the action who considers himself aggrieved, may appeal to the district court for the judicial district in which the municipal court is situated. He shall make the appeal by serving a written notice thereof upon the secretary of the municipal court within ten days following that on which notice of judgment shall have been served on the party against whom judgment was rendered, or on his attorney, and by serving like notice within a like period on the adverse party or on his attorney." Act No. 13 of 1917.

The express manner of the admission of notice by the appellant by actually notifying the adverse party on September 23, was as follows:

"Appeal.—Now comes the plaintiff in the above-entitled case by attorney Enrique Campillo before this Court and respectfully states and alleges:

"That he admits the service of notice of the judgment rendered in the present case and as he does not acquiesce in it, he appeals therefrom to the District Court of San Juan.

"San Juan, Porto Rico, September 23, 1927.—(Signed) Enrique Campillo, attorney for the plaintiff.—Received copy on this 23rd of September, 1927. José Iglesias de la Cruz per (signed) Rafael Pesquera, attorney for the defendant."

Therefore, in view of the action of the appellant on September 23, 1927, the period of ten days within which to appeal expired on the 3rd of the following October. The 4th was too late for taking the appeal.

The judgment appealed from must be affirmed.